UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL FRANCIS MOYNIHAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> ATTORNEY GENERAL OF WASHINGTON, <br><br> Defendant. | CASE NO. C11-5896BHS <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Washington State Office of the Attorney General's ("AGO") motion to dismiss (Dkt. 11). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

### I. PROCEDURAL HISTORY

On November 17, 2011, Plaintiff Michael Francis Moynihan, Jr.'s ("Moynihan") filed the complaint in this action. Dkt. 4. Moynihan appears to allege violations of the Freedom of Information Act, 5 U.S.C. § 551, *et seq*. ("FOIA"), for AGO's failure to

comply with a request to produce documents under the Act. Dkt. 4. On March 9, 2012, AGO filed a motion to dismiss the complaint. Dkt. 11. Moynihan did not respond.

## II. DISCUSSION

As an initial matter, the Court notes that it may consider a party's failure to respond to a motion as an admission that the motion has merit. Local Rule CR 7(b)(2). Moynihan failed to respond to AGO's motion, and, as discussed below, the Court concludes that AGO's motion has merit, and should be granted.

With regard to the merits of the motion, the Court concludes that Moynihan's suit is barred by the Eleventh Amendment and that Moynihan has failed to state a claim upon which relief may be granted. First, an unconsenting state is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Washington has not waived its Eleventh Amendment immunity for suits such as the one presented here. *Clallam Cnty. v. Dep't of Transp.*, 849 F.2d 424, 427 (9th Cir. 1988), *cert. denied*, 488 U.S. 1008 (1989) ("Neither the State [of Washington] nor the agency waived the eleventh amendment immunity"). In this case, Moynihan has failed to show that Washington or AGO has waived its immunity to suit in federal court. Therefore, the Court lacks subject matter jurisdiction and grants AGO's motion to dismiss on this issue.

Second, under both the FOIA and the APA definitions, every "agency" is an "authority of the Government of the United States." 5 U.S.C. § 551(1). AGO is an authority of the state of Washington, not of the United States. Even when a state agency receives federal financial support and is heavily regulated by the federal government, it is

not an "agency" within the meaning of FOIA. *St. Michael's Convalescent Hosp. v. Cal.*, 643 F.2d 1369, 1373-74 (9th Cir. 1981). Accordingly, a claim in federal cout seeking to force a state agency to disclose records under FOIA cannot succeed. *See Unt. v. Aerospace Corp.*, 765 F.3d 1440, 1447 (9th Cir. 1985). In this case, Moynihan has failed to show that AGO is subject to FOIA, and therefore, has failed to state a claim upon which relief may be granted.

### III. ORDER

Therefore, it is hereby **ORDERED** that AGO's motion to dismiss (Dkt. 11) is **GRANTED** and Moynihan's claims are **DISMISSED with prejudice.**

DATED this 9th day of April, 2012.

BENJAMIN H. SETTLE
United States District Judge